No. 129.—JOSEPHINE NICHOLSON AND HUSBAND *v.* JOHN HENDRICKS..

This is an action to annul a transfer of a judgment under the allegations of fraud and deceit.
practiced by the defendant. Held—That under these allegations parol evidence was admis-
sible to show the fraudulent and simulated character of the transfer.
The objection that the suit is premature, because the plaintiff has not offered to return the:
money received for the transfer of the judgment before bringing suit to annul it, if not
urged in the court below, will not be noticed on appeal.

APPEAL from the Tenth District Court, parish of Caddo. *Levisee, J.,*
*A. W. O. Hicks,* for plaintiffs and appellees. *Nutt & Leonard* and
*T. Alexander,* for defendant and appellant.

This case was tried by a jury in the court below.

WYLY, J. This is a suit to annul the transfer of a judgment by the·
plaintiff, Josephine Nicholson, to the defendant, John Hendricks, on
the ground of fraud and deception practiced by him in order to get the
transfer.

The case was tried by a jury, who rendered the following verdict, to·
wit: "We, the jury, find for the plaintiff, returning to her the judg-
ment, and annulling the transfer—plaintiff paying to Hendricks three·
hundred and eighty-nine dollars, with legal interest from the fourth,
day of July, 1867, until paid—said amount to be paid in gold."

Judgment was rendered on this verdict, and the defendant has ap--
pealed.

Our attention is directed to the bill of exceptions taken by the de-
fendant to the ruling of the Court in admitting the evidence of wit--
nesses to prove that the transfer of the judgment was obtained by
artifice, deceit and fraud.

The defendant objected to the evidence for the reason that the alle--
gations of the petition are, that the transfer was made for the purpose·
of protecting the defendant from certain claims against him. If so,
said transfer was fraudulent as to all the parties; and for the further
reason, that the transfer was a simulation, and between the parties.
simulation can not be shown by parol.

The objection to the evidence was, however, overruled by the court
for the reason that plaintiff's petition, viewed as a whole, rests her·
right to recover on the allegations of fraud and deceit practiced by the
defendant on her; and because the face of the petition shows that the
simulated transfer, if it may so be regarded, was for the convenience.
of the defendant, and not for the advantage of plaintiff.

We think the ruling of the court was correct; that under the alle-
gations of the petition the evidence was admissible.

An examination of the evidence satisfies us that the verdict of the
jury is correct. As to the argument that the suit was premature be-
cause there was not an offer to return the money before the institution
of this suit, we will observe there was no exception of the kind urged
in the court below; and we think the defendant can not now complain.

on that score, because the money was tendered in open court and refused.

As to the argument of turpitude on the part of the plaintiff, which precludes her from complaining of the gross deception and fraud practiced on her in this transaction by the defendant, we will remark, there is not a particle of evidence showing her guilty of the slightest immorality. On the contrary, the record shows that she was the unfortunate victim of the deception, fraud and immorality of the defendant.

The other points argued by the defendant are unworthy of serious consideration.

It is therefore ordered, that the judgment be affirmed, and that appellant pay costs of appeal.

Rehearing refused.